Filed 10/3/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082126 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD276163) |
| DANIEL DORADO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles Rogers, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

The Legislature enacted Penal Code[1] section 667.6 in 1979 to increase the penalties for persons convicted of certain violent sex offenses. To that end, subdivision (c) of section 667.6 ("section 667.6(c)") provides that when a defendant is convicted of multiple sex offenses against the same victim on the same occasion, the sentencing court may, *in its discretion*, impose a full, separate, and consecutive sentence for each offense. But when a defendant is convicted of multiple violent sex offenses against different victims or against the same victim on separate occasions, subdivision (d) of section 667.6 ("section 667.6(d)") *mandates* the sentencing court to impose a full, separate, and consecutive sentence for each offense.

It is settled that sentencing courts are forbidden from relying on a single fact to aggravate a sentence twice by imposing both an upper term under section 1170, subdivision (b)(1)–(7), and a discretionary consecutive sentence under section 667.6(c). In this appeal, we confront an issue of first impression: whether the same dual use prohibition applies when the consecutive sentence is mandatory under section 667.6(d). We hold that it does.

In a previous appeal (*People v. Dorado* (Oct. 11, 2022, D078342) [nonpub. opn.] (*Dorado*)), we affirmed Daniel Dorado's convictions for 20 counts of aggravated sexual assault, rape, sexual penetration, and oral copulation of an unconscious or intoxicated person. These crimes involved four different victims. We reversed Dorado's sentence and remanded to allow the trial court to exercise its new authority under two newly enacted sentencing reforms. (Assembly Bill No. 518 (2021–2022 Reg. Sess.)

---

1      All further undesignated statutory references are to the Penal Code.

2

(Assembly Bill 518) [amending § 654]; Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) [amending § 1170, former subd. (b).)

At resentencing, because three of Dorado's convictions of rape of an intoxicated person (§ 261, subd. (a)(3)) involved different victims, the trial court determined they were subject to mandatory full-term consecutive sentencing under section 667.6(d). It then imposed the upper term for those convictions based on the same fact that they involved multiple victims. It is this pair of sentencing decisions that we conclude was improper. As a result, we remand for a second full resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

I.

*First Appeal After Initial Sentencing*

Because Dorado's appeal is limited to sentencing issues, we describe the facts and allegations underlying his case only briefly. Dorado was charged in an amended information with 35 felony counts alleging he committed sex offenses against eight different women. A jury convicted him of 20 counts involving four women: Jane Does 1 through 4 (hereafter Jane 1 through Jane 4). The convictions arose from separate encounters between Dorado and each of the victims in which Dorado gave the victim alcoholic beverages and then sexually assaulted her while she was intoxicated and unconscious.

As to Jane 1, the jury found Dorado guilty of aggravated sexual assault (count 1; § 220, subd. (a)); rape of an unconscious person (count 2; § 261, subd. (a)(4)); rape of an intoxicated person (count 3; § 261, subd. (a)(3)); sexual penetration of an unconscious person (counts 4 and 6; § 289, subd. (d)); and sexual penetration of an intoxicated person (counts 5 and 7; § 289, subd. (e)).

3

As to Jane 2, the jury found Dorado guilty of aggravated sexual assault (count 12; § 220, subd. (a)); rape of an unconscious person (count 13; § 261, subd. (a)(4)); rape of an intoxicated person (count 14; § 261, subd. (a)(3)); oral copulation of an unconscious person (count 15; former § 288a,[2] subd. (f)); and oral copulation of an intoxicated person (count 16; former § 288a, subd. (i)).

As to Jane 3, the jury found Dorado guilty of aggravated sexual assault (count 28; § 220, subd. (a)); rape of an unconscious person (count 29; § 261, subd. (a)(4)); and rape of an intoxicated person (count 30; § 261, subd. (a)(3)).

And as to Jane 4, the jury found Dorado guilty of aggravated sexual assault (count 31; § 220, subd. (a)); oral copulation of an unconscious person (counts 32 and 34; former § 288a, subd. (f)); and oral copulation of an intoxicated person (counts 33 and 35; former § 288a, subd. (i)).

At a sentencing hearing in November 2020, the trial court sentenced Dorado to a total prison term of 40 years, which included several upper term sentences that were imposed on the basis of a host of aggravating sentencing factors that were neither admitted by Dorado nor found true by a jury beyond a reasonable doubt.

Dorado appealed. We affirmed his convictions but vacated his sentence to allow the trial court to exercise its authority under two sentencing reforms that became effective January 1, 2022, while Dorado's appeal was pending.

The first reform affected section 654. When Dorado was sentenced, section 654 required sentencing judges to impose the longest applicable sentence when a defendant was convicted of more than one offense based on the same conduct. (§ 654, former subd. (a); *People v. Mani* (2022) 74

___

[2]  Effective January 1, 2019, former section 288a was renumbered as section 287. (Stats. 2018, ch. 423, § 49.) The operative information was filed in November 2019, but it used the pre-2019 statute number.

4

Cal.App.5th 343, 379.) Assembly Bill 518 amended section 654 to give sentencing judges discretion to impose either the shorter or the longer sentence. (§ 654, subd. (a); *Mani*, at p. 379.) We thus remanded for resentencing in part so the court could exercise its new discretion under the amended law.

The second reform affected section 1170, subdivision (b). At the time Dorado was sentenced, section 1170, former subdivision (b), left the selection of the appropriate term within a sentencing triad to the sentencing judge's "sound discretion." (§ 1170, former subd. (b); see *People v. Lynch* (2024) 16 Cal.5th 730, 747 (*Lynch*).) Senate Bill 567 later amended section 1170, former subdivision (b), to prohibit sentencing judges from imposing an upper term sentence unless the facts underlying any aggravating circumstances justifying the upper term (other than a prior conviction) "have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) We concluded this change in the determinate sentencing law (DSL) also necessitated a remand for resentencing after determining that (1) of the numerous aggravating factors relied on by the trial court, the jury would have found only three (the physical injuries Dorado inflicted on Jane 1, Jane 2, and Jane 4) to be true beyond a reasonable doubt, and (2) there was a reasonable probability the court would have imposed a lesser sentence if the aggravating factors available to support its sentencing decisions were reduced to this subset of factors.

## II.

### *Resentencing After Remand*

After we remanded the case to the trial court, Dorado was resentenced in April 2023. Before we summarize the proceedings on remand, we briefly discuss the general principles of sentencing law that framed the court's sentencing decisions.

A.    *Relevant Principles of Sentencing Law*

Pertinent to this appeal, Dorado's convictions on counts 3, 14, and 30 for rape of an intoxicated person required the trial court to make two sentencing decisions: whether to run the terms consecutively or concurrently (§ 669, subd. (a); *People v. Catarino* (2023) 14 Cal.5th 748, 752 (*Catarino*)), and what term to impose for each count (§ 1170, subd. (b)(1)–(7)).

In most cases, consecutive sentencing of determinate terms is governed by section 1170.1, under which the aggregate term for multiple felonies is the sum of the principal term, the subordinate terms, and any enhancements. (*Catarino*, *supra*, 14 Cal.5th at p. 752, quoting § 1170.1, subd. (a).) The principal term is "the greatest term of imprisonment imposed by the court for any of the crimes" (§ 1170.1, subd. (a)) and the subordinate terms consist of "one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed" plus one-third of any applicable enhancements (*ibid.*). The decision to run terms consecutively under section 1170.1 is generally in the court's discretion. (*Catarino*, at p. 752.)

But here, consecutive sentencing of the crimes of rape of an intoxicated person underlying Dorado's convictions on counts 3, 14, and 30 was governed by section 667.6. (See § 667.6, subd. (e) [listing offenses subject to sentencing under § 667.6; *id.*, subd. (e)(1) [identifying rape of an intoxicated person, in

6

violation of par. (3) of subd. (a) of § 261, as one such offense].) Under section 667.6(c), courts have discretion to impose a full, separate, and consecutive term for each violation of an enumerated sex offense "if the crimes involve the same victim on the same occasion." Section 667.6(d), however, mandates that a full, separate, and consecutive term "shall be imposed . . . if the [qualifying] crimes involve separate victims or involve the same victim on separate occasions." The predicate finding that enables sentencing under section 667.6(d) is made by the sentencing judge. (*Catarino*, *supra*, 14 Cal.5th at p. 754.) Because the statute authorizes a full, consecutive term in place of the one-third-the-middle-term limit that otherwise applies to each subordinate term under section 1170.1, section 667.6 "is obviously a much harsher sentencing measure than section 1170.1." (*People v. Belmontes* (1983) 34 Cal.3d 335, 344.)

Second, the trial court had to choose which term to impose for the crimes of rape of an intoxicated person underlying counts 3, 14, and 30. (See § 264 [sentencing triad for rape as defined in § 261 is three, six, or eight years].) Under the newly amended version of section 1170, subdivision (b), the court is required to impose the middle term unless there are aggravating circumstances that justify imposition of an upper term sentence, and " 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' " (*Lynch, supra,* 16 Cal.5th at p. 748.)

B.    *The Trial Court's Decisions at Resentencing*

Prior to the resentencing hearing, the People elected not to pursue a trial of aggravating factors. However, they filed a sentencing brief in which they urged the court to reimpose the 40-year aggregate sentence. The People asserted that counts 3, 14, and 30 were subject to mandatory full-strength

7

consecutive sentences under section 667.6(d) because Dorado's crimes involved "separate victims." They also sought the imposition of upper term sentences based on either of two aggravating circumstances: (1) that Jane 1, Jane 2, and Jane 4 suffered physical injuries, which facts the prosecution argued a jury *would have* found true beyond a reasonable doubt, as this court concluded in its harmless error analysis in *Dorado*, or (2) the crimes involved multiple victims.[3]

In response, Dorado argued that because Jane 3 (the victim in count 30) had not suffered physical injuries, this left multiple victims as the only factor available to support an aggravated term on this count. He claimed the People were improperly relying twice on this factor to recommend imposition of the upper term as well as a full, consecutive term. Dorado asked the court to consider imposing a total of 32 years consisting of middle term sentences.

The trial court sentenced Dorado to a total prison term of 38 years. It first determined section 667.6(d) applied and mandated full-strength consecutive sentencing on counts 3, 14, and 30 because Dorado stood convicted of a qualifying offense against multiple victims. (See § 667.6,

---

[3]    When a jury finds beyond a reasonable doubt that a defendant committed crimes against separate victims, it necessarily finds "that the crimes involved multiple victims." (*People v. Calhoun* (2007) 40 Cal.4th 398, 408 (*Calhoun*).) Further, although "multiple victims" is not expressly listed as an aggravating factor in the sentencing rules (see Cal. Rules of Court, rule 4.421 (further unspecified rule references are to the California Rules of Court)), the People argued, and Dorado did not and does not dispute, that it falls within the "aggravating factor catch-all of Rule of Court 4.408(a)" and may be relied on to impose an upper term (see rule 4.408(a) ["[t]he listing of factors in these rules for making discretionary sentencing decisions is not exhaustive"]; *Calhoun*, at pp. 405–406 [defendant did not argue deletion of the multiple victims factor from the sentencing rules precluded the trial court's reliance on it]).

subd. (e)(1).) But it opted not to rely on the victims' physical injuries to select the upper term on any counts. The trial court expressed concern that to rely on factors that "would have been found true by the jury had those factors been submitted to them" would be structural error. The court instead relied on the "multiple-victim" factor to impose the upper term of eight years on counts 3, 14, and 30.

In doing so, the trial court recognized it was imposing upper terms and full, consecutive terms on counts 3, 14, and 30 based on the same fact: the convictions involved multiple victims. The court overruled Dorado's dual use objection, however, based on its view that because one of the two uses— imposition of a full, consecutive sentence under section 667.6(d)—was statutorily mandated, *it* was not "using the multiple-victim analysis to impose consecutive terms" on those counts.

Thus the trial court selected count 5 as the principal term under section 1170.1, subdivision (a), and imposed the middle term of six years on that count. It sentenced Dorado to two-year terms (one-third the middle term) on each of counts 7, 16, 33, and 35 for a total of eight years, and ran these terms as well as the six-year term on count 5 consecutively, thus adding a total of 14 years to the 24 total years imposed on counts 3, 14, and 30. The court imposed middle and upper term sentences on all remaining counts and stayed them under section 654.

## DISCUSSION

### I.

### *Dorado Did Not Forfeit His Claim of Dual Use Error*

Dorado again challenges his sentence. His primary contention this time is that the trial court committed dual use error by relying on the fact

9

that his crimes involved multiple victims to impose upper terms as well as full, consecutive terms on counts 3, 14, and 30.

The People contend Dorado forfeited his appellate challenge to two of the three counts—counts 3 and 14—by failing to raise a dual use objection to those counts during the sentencing hearing. The People's forfeiture claim is based on the premise that although Dorado objected at the sentencing hearing, the objection was limited to "the context of count 30." It is true that to preserve certain sentencing issues for appeal, including complaints the court "double-counted a particular sentencing factor" (*People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*)), the defendant must raise the issues "at the time of sentencing" (*id.* at p. 351). However, the record does not bear out the People's contention that Dorado failed to raise a timely objection as to counts 3 and 14 as well as count 30.

Before the sentencing hearing, Dorado raised a dual use objection in his written response to the People's sentencing statement. It was *this* objection that was limited to count 30. His objection was limited at this juncture because he was responding to the People's sentencing statement, in which the People had identified at least one alternative factor—physical injuries to Jane 1 and Jane 2—to support imposing the upper term for counts 3 and 14. Thus, the specter of dual use had not yet been raised as to counts 3 and 14.

At the sentencing hearing, however, the trial court brought up the possibility of relying on the multiple victims factor to impose upper terms on all counts subject to mandatory consecutive sentencing under section 667.6(d). In response, Dorado's counsel argued the multiple victims factor could not be used to impose both consecutive and upper terms on any count. It is thus not the case that defense counsel's dual use objection at the

10

sentencing hearing was limited to count 30.  Because the factual premise of the People's forfeiture argument fails, so too does the argument.

We turn to the merits and consider de novo whether the court misunderstood the proper scope of its sentencing discretion.  (*People v. Russel* (1968) 69 Cal.2d 187, 195 ["all exercises of legal discretion must be . . . guided by legal principles and policies appropriate to the particular matter at issue"]; *People v. Sandoval* (2007) 41 Cal.4th 825, 847 [a trial court's discretion "must be exercised in a manner . . . that is consistent with the letter and spirit of the law"]; *People v. Superior Court* (*Frezier*) (2020) 54 Cal.App.5th 652, 659 [legal issues in sentencing are reviewed de novo].)

II.

*The Dual Use Prohibition Applies to Mandatory Full-term Consecutive Sentencing Under Section 667.6(d)*

The parties agree courts are prohibited from relying on the same fact to impose both an upper term and a discretionary full, consecutive term under section 667.6(c).  We agree with them; this is a settled point of law.  (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Court Rules (2017 ed.), foll. rule 4.426, p. 187; *People v. Price* (1984) 151 Cal.App.3d 803, 816 & fn. 8 (*Price*); *People v. Reeder* (1984) 152 Cal.App.3d 900, 920 (*Reeder*).)  They disagree, however, whether the same prohibition applies when the consecutive sentence is mandatory under section 667.6(d).  The parties do not cite, and we have not found, a case that squarely addresses the dual use issue presented here.  But for the reasons that follow, we can find no principled basis for concluding that courts are not similarly constrained when the consecutive sentence is mandatorily imposed under section 667.6(d).

Neither section 667.6 nor section 1170 expressly forbid courts from relying on the same fact to impose a consecutive sentence and an upper term.

11

However, the rules governing sentencing and associated Advisory Committee comments do speak to this form of dual use of a single aggravating factor. The Advisory Committee comment to rule 4.420 ("Selection of term of imprisonment for offense") states, "[J]udges should avoid the use of reasons that may constitute an impermissible dual use of facts. . . . *The court should not use the same reason to impose a consecutive sentence as to impose an upper term of imprisonment*." (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Court Rules (2024 Cumulative Supp. Pamp.) foll. rule 4.420, p. 43, italics added.) And rule 4.425 ("**Factors affecting concurrent or consecutive sentences**"), states in relevant part that "[a]ny circumstances in aggravation or mitigation . . . may be considered in deciding whether to impose consecutive rather than concurrent sentences, except: [¶] . . . [a] *fact used to impose the upper term*[.]" (Rule 4.425(b)(1), italics added.)

This form of dual use is also addressed in rule 4.426, which specifically governs consecutive sentencing under section 667.6.[4] The Advisory

---

[4] Rule 4.426 provides, in relevant part: "**(a) Multiple violent sex crimes**. [¶] When a defendant has been convicted of multiple violent sex offenses as defined in section 667.6, the sentencing judge must determine whether the crimes involved separate victims or the same victim on separate occasions. [¶] (1) *Different victims* [¶] If the crimes were committed against different victims, a full, separate, and consecutive term must be imposed for a violent sex crime as to each victim, under section 667.6(d). [¶] . . . [¶] (b) **Same victim, same occasion; other crimes** [¶] If the defendant has been convicted of multiple crimes, including at least one violent sex crime, as defined in section 667.6, or if there have been multiple violent sex crimes against a single victim on the same occasion and the sentencing court has decided to impose consecutive sentences, the sentencing judge must then determine whether to impose a full, separate, and consecutive sentence under section 667.6(c) for the violent sex crime or crimes instead of including the violent sex crimes in the computation of the principal and subordinate terms under section 1170.1(a)." (Rule 4.426(a)(1) & (b).)

12

Committee comment to rule 4.426 states, "*The court may not use the same fact to impose a sentence under section 667.6(c) that was used to impose an upper term.* (See rule 4.425(b).)" (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Court Rules (2017 ed.) foll. rule 4.426, p. 187.) However, the comment does not similarly caution against use of the same fact to impose an upper term and a mandatory consecutive sentence under section 667.6(d).

Dorado interprets the Legislature's silence as evidence it did not intend for the same fact to be punished twice through aggravation of a term and imposition of a full-term, consecutive sentence. Dorado contends the prohibition against such dual punishment "ties punishment to culpability and reduces arbitrariness in sentencing," and applies regardless of whether the double punishment is discretionary or mandatory. He thus claims that such dual punishment is not permitted when consecutive sentencing is mandatory, as is the case under section 667.6(d).

The People, on the other hand, point to the fact that neither section 667.6(d) nor the sentencing rules expressly prohibit courts from relying on the same fact to impose an upper term and a mandatory consecutive sentence. In their view, this silence is evidence the Legislature did not intend for the dual use prohibition to apply to this combination of decisions. They characterize the issue as one of legislative intent. According to the People, to conclude this form of dual use is improper would require us to "graft the rule against using the same fact to support a trial court's imposition of a consecutive and upper term onto section [667.6(d)]." In short, the People treat the Legislature's silence as an indication it did not intend for the prohibition to apply to mandatory consecutive sentencing under section 667.6(d). We reach the opposite conclusion.

13

Where, as here, "the terms of a statute provide no definitive answer, then [we] may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." (*People v. Coronado* (1995) 12 Cal.4th 145, 151 (*Coronado*).)  Further, "[a] statute must be construed 'in the context of the entire statutory system of which it is a part, in order to achieve harmony among the parts.' " (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1009.)

Section 667.6 was enacted in 1979 and became effective on January 1, 1980.  (Stats. 1979, ch. 944, § 10.)  This was more than two years after the DSL was enacted and took effect on July 1, 1977.  (Stats. 1976, ch. 1139, p. 5140, § 273, amended by Stats. 1977, ch. 165, p. 647, § 15, eff. June 29, 1977, operative July 1, 1977.)  In enacting the DSL, the Legislature directed the Judicial Council to adopt rules promoting uniformity in sentencing, including rules providing criteria for the decision to "[i]mpose the lower or upper prison term" and "[i]mpose concurrent or consecutive sentences." (§ 1170.3, subd. (a)(2), (4).)  On July 1, 1977, pursuant to section 1170.3 and article VI, section 6 of the California Constitution, the Judicial Council adopted the "Sentencing Rules for the Superior Courts" (sentencing rules) which were embodied in former rules 401 through 453 of the California Rules of Court.  (See *People v. Wright* (1982) 30 Cal.3d 705, 709–710 [discussing this history].)

One of the original sentencing rules was former rule 441 ("**Dual Use of Facts; Prohibited Use of Facts**").  Former rule 441(c) provided, " 'A fact used to enhance the defendant's prison sentence may not be used to impose the upper term.' " (*Price*, *supra*, 151 Cal.App.3d at p. 812.)  The Advisory Committee comment to former rule 441 provided that this prohibition extended to the use of a fact to impose a consecutive sentence and an upper

14

term, on the theory that a consecutive sentence was a form of enhancement. (See *Price,* at p. 815 [observing that the Advisory Committee comment to former rule 441 stated, " 'the additional term resulting from ordering sentences to be served consecutively is an "enhancement" ' " ].)

In *Price, supra,* 151 Cal.App.3d 803 and *Reeder, supra,* 152 Cal.App.3d 900, the Courts of Appeal held that it was error to rely on the same fact to impose an upper term and a discretionary consecutive sentence under section 667.6(c). Both courts reached this conclusion by relying on former rule 441(c) and the Advisory Committee comment to former rule 441. (*Price*, at pp. 815–816 & fn. 8 [holding "the rule applies to all enhancements and hence to all consecutive sentences"]; *Reeder,* at pp. 919–920 [holding former rule 441(c) "applies to all enhancements, and hence to all consecutive sentences, without regard to the statutory source of those enhancements"].)

Important here, both the *Price* and *Reeder* courts interpreted the 1979 Legislature's failure to explicitly exempt section 667.6 from the ambit of former rule 441(c) as evidence the Legislature did not intend for discretionary consecutive sentencing under section 667.6(c) to fall outside the dual use prohibition. The *Price* court noted: "At the time that the 1979 Legislature acted, Rule 441(c) was a part of the sentencing laws. . . . It must be assumed that the Legislature was aware of existing related laws and intended to maintain a consistent body of rules. . . . While it is unmistakable that the Legislature intended to increase the severity of punishment for certain violent sex crimes by the enactments and amendments contained in the legislation which created section 667.6 and related provisions, it does not appear, either by express declaration or by necessary implication, that the established prohibition against dual use of facts was meant to be abandoned as to such crimes." (*Price, supra,* 151 Cal.App.3d at p. 816, fn. 8, internal

15

citations omitted.)  Similarly, the *Reeder* court observed that former rule 441(c) was already in existence when section 667.6 was added to the Penal Code, yet section 667.6 "does not expressly repeal rule 441(c) since it does not even allude to the dual use of facts prohibition," and repeals by implication are not favored.  (*Reeder*, *supra*, 152 Cal.App.3d at p. 920.)

Thus, the *Price* and *Reeder* courts interpreted the Legislature's silence as evidence discretionary consecutive sentencing under section 667.6(c) was subject to the existing prohibition against use of the same fact to impose an upper term and a consecutive sentence.  We find their reasoning persuasive.  And their reasoning applies equally to subdivision (d) of section 667.6, which was enacted at the same time as subdivision (c).[5]  Subdivision (d), too, is devoid of expressions of legislative intent that the "established prohibition against dual use of facts was meant to be abandoned" as to the crimes within its ambit (see *Price, supra,* 151 Cal.App.3d at p. 816, fn. 8), which supports the conclusion the Legislature did not intend for mandatory consecutive sentencing under subdivision (d) to be any more exempt from the dual use prohibition than discretionary consecutive sentencing under subdivision (c).

And although former rule 441 was repealed on January 1, 1991, the reasoning of *Price* and *Reeder* remains a valid interpretation of the Legislature's intent when it enacted section 667.6.  Further, the holdings of

---

[5]    Section 667.6 has been amended since it was originally enacted, but the amendments have not materially altered the statutory language we consider here.  (Compare § 667.6, former subd. (d), as added by Stats. 1979, ch. 944, § 10 ["A full, separate, and consecutive term shall be served for each violation of [specified offenses] if such crimes involve separate victims or involve the same victim on separate occasions."]; § 667.6, subd. (d)(1), as amended by Stats. 2021, ch. 626, § 30 ["A full, separate, and consecutive term shall be imposed for each violation of [specified offenses] if the crimes involve separate victims or involve the same victim on separate occasions."].)

16

*Price* and *Reeder* are still sound.  The prohibition that was once embodied in former rule 441(c) (as interpreted by the Advisory Committee and the Courts of Appeal) has now been replaced by rule 4.425(b)(1).  And our high court has cited *Price* and *Reeder* with approval even after the 1991 repeal of former rule 441.  (See *Scott, supra,* 9 Cal.4th at p. 350, fn. 12 [citing *Reeder, supra,* 152 Cal.App.3d at p. 919, for the proposition "it is clear that the court cannot rely on the same fact to impose both the upper term and a consecutive sentence"]; *People v. Chism* (2014) 58 Cal.4th 1266, 1336 [parenthetically quoting *Price, supra,* 151 Cal.App.3d at p. 812 & fn. 5 for the propositions that " 'a trial court may use the same fact(s) to impose more than one aggravated term provided the fact is reasonably related to the particular count . . .' and '*the fact has not already been or will not be used to impose either an enhancement or a consecutive term*' " (italics added)].)

Nor do we rely exclusively on *Price* and *Reeder*.  Additional considerations further support our conclusion about the Legislature's intent.  For one, to hold that dual use of sentencing factors is prohibited when a consecutive sentence is imposed under subdivision (c) but not subdivision (d) of section 667.6 would lead to anomalous results.  Both subdivisions apply to the same list of sex offenses (§ 667.6, subd. (e)), and both authorize the same consequence for those offenses:  a full-term consecutive sentence.  When an upper term is added to a discretionary consecutive sentence imposed under subdivision (c), because dual use of factors is prohibited, the upper term decision requires a separate aggravator to justify the increase.  (See Advisory Com. com., 23 pt. 2 West's Ann. Codes, Court Rules (2017 ed.), foll. rule 4.426, p. 187 ["If the court selects the upper term, imposes consecutive sentences, and uses section 667.6(c), the record must reflect three sentencing choices with three separate statements of reasons, but the same reason may

17

be used for sentencing under section 667.6(c) and to impose consecutive sentences."].) If dual use of factors were permitted when a mandatory consecutive sentence is imposed under subdivision (d), however, then no additional aggravator would be required to justify the imposition of the upper term. This scenario fails to ensure that the more culpable offender receives the greater punishment. (Cf. *Coronado*, *supra*, 12 Cal.4th at p. 153 [elevating a defendant's drunk driving charge to a felony under Veh. Code, former § 23175 and imposing a prior prison term enhancement under Pen. Code, § 667.5, subd. (b), based on the same prior felony conviction that resulted in a prior prison term "leads to the rational result that a more culpable habitual drunk driver receives greater punishment"].)

In addition, to hold that the Legislature did not intend for the dual use prohibition to encompass mandatory consecutive sentencing under section 667.6(d) would also mean that in cases where a full-term consecutive sentence is required because the defendant was found by a jury to have committed multiple sex offenses involving separate victims, the trial court would have automatic, unfettered discretion to impose either middle term or upper term sentences for those same offenses, based on the same findings. This, in turn, would make the decision to increase the defendant's sentence either once (by imposing the required consecutive sentence) or twice (by imposing the required consecutive sentence as well as an upper term sentence) arbitrary. Such arbitrary sentencing decisions are contrary to the goal of uniformity in sentencing the Legislature intended to achieve when it enacted the DSL. (See § 1170, subd. (a)(1) ["[T]he purpose of sentencing is public safety achieved through punishment . . . . This purpose is best served by terms that are proportionate to the seriousness of the offense with provision for uniformity in the sentences of people incarcerated for

18

committing the same offense under similar circumstances."]; *People v. Hinojosa* (1980) 103 Cal.App.3d 57, 64–65 ["one of the expressed purposes of the determinate sentencing law is to achieve uniformity in sentencing"].)

For all of these reasons, we disagree with the People that the Legislature's silence on dual use is evidence it did not intend for mandatory consecutive sentencing under section 667.6(d) to be subject to the prohibition against relying on a single factor to impose an upper term and a consecutive sentence. In reaching this conclusion, we recognize that former rule 441—the dual use rule that existed when section 667.6 was enacted—has since been repealed, and that judges are required to follow the operative version of the sentencing rules. However, we are not persuaded the current rules permit the dual use that is at issue here.

There are currently two sentencing rules that address dual use of a single sentencing factor: rule 4.420, which deals with imposition of the base term, and rule 4.425, which addresses the criteria for consecutive sentencing. (Rules 4.420(g), (h) and 4.425(b)(1)–(3).) Although each rule prohibits at least one form of dual use, only rule 4.425(b)(1) explicitly prohibits courts from imposing a consecutive sentence on the basis of a fact used to select the upper term. (See rule 4.425(b)(1) ["Any circumstances in aggravation or mitigation . . . may be considered in deciding whether to impose consecutive rather than concurrent sentences, except . . . [a] fact used to impose the upper term."].) Because this provision focuses on the discretionary consecutive sentencing decision, it could be read narrowly so as to constrain only that decision, which would mean it has no application when the consecutive sentence is mandatory.

But that is not how the California Supreme Court has interpreted it. In *Calhoun, supra,* 40 Cal.4th 398, our high court, relying on rule 4.425(b)(1),

19

observed that sentencing courts may not consider the fact of multiple victims as a basis for imposing both the upper term and a consecutive sentence. (*Calhoun*, at p. 408.) The defendant in *Calhoun* had been convicted by a jury of two counts of vehicular manslaughter and two counts of reckless driving causing bodily injury; each of the four counts involved a different victim. (*Id.* at pp. 400–401, 405.) The trial court sentenced the defendant to upper terms on both vehicular manslaughter counts based on the fact that there were multiple victims. (*Id.* at p. 405.) The defendant claimed the court's reliance on the multiple victims factor was improper, in part because each count of conviction named only one victim such that he was deprived of his right to a jury trial on the aggravating multiple victim factor. Our high court rejected this Sixth Amendment argument, reasoning that in convicting the defendant of multiple counts against four separate victims, "the jury necessarily found there were multiple victims." (*Calhoun*, at pp. 406, 408.) The defendant also challenged the upper terms on the ground the trial court's authority to elevate his sentence based on the multiple victims factor was limited to imposing consecutive sentences. Our high court also rejected this claim, stating: "There is no persuasive reason why the trial court should not be allowed to consider the fact of multiple victims as a basis for imposing either the upper term or a consecutive sentence, *although it cannot do both*. (Rule 4.425(b)(1).)" (*Id.* at p. 408, italics added.)

The Supreme Court's statement that a court can impose either an upper term or a consecutive sentence based on the fact of multiple victims, but "it cannot do both" (*Calhoun, supra,* 40 Cal.4th at p. 408), reflects the view that the dual use prohibition in rule 4.425(b)(1) applies equally to the upper term decision and the consecutive sentencing decision, and constrains both decisions. Under this reading of the rule, once the sentencing court has

20

imposed an upper term based on the "fact of multiple victims," it may not rely on that fact again to impose a consecutive sentence; and, conversely, once the court has imposed a consecutive sentence based on the "fact of multiple victims," it may not rely on that fact again to impose an upper term. (*Calhoun*, at p. 408.) Although in *Calhoun* the consecutive sentencing decision was discretionary because it was governed by section 1170.1, we see no logical reason why the latter scenario should be limited to situations in which imposition of the consecutive sentence is discretionary. Whether the "fact of multiple victims" makes a consecutive sentence mandatory or discretionary, it has been used "as a basis for imposing . . . a consecutive sentence" such that a court errs and "*do*[*es*] *both*" (*Calhoun*, at p. 408, italics added) if it considers the same multiple victims fact again as a basis for imposing the upper term.

The Advisory Committee's comment to rule 4.420, which guides courts on the selection of a base term, further persuades us that the dual use prohibition described in rule 4.425(b)(1) limits the upper term decision as well as the consecutive sentencing decision. The comment states, "The court should not use the same reason to impose a consecutive sentence as to impose an upper term of imprisonment." (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Court Rules (2024 Cumulative Supp. Pamp.), foll. rule 4.420, p. 43.) "An advisory committee comment is effectively the voice of the Judicial Council, providing further explanation as to the meaning of the language of a rule and guidance in its application." (*People v. Hall* (2023) 97 Cal.App.5th 1084, 1102–1103, disapproved on other grounds in *Lynch, supra*, 16 Cal.5th 730.) If the prohibition against reliance on the same fact to impose an upper term and a consecutive sentence applied only to discretionary consecutive sentencing decisions, there would be no reason for the Advisory Committee to

21

caution courts against this form of dual use within the rule governing selection of the upper term.

Further, to the extent the People rely on the fact that the Advisory Committee comment to rule 4.426 cautions courts not to "use the same fact to impose a sentence under section 667.6(c) that was used to impose an upper term" but is silent on dual use in the context of section 667.6(d), we do not find the silence to be material. Rule 4.426 is narrow; it only addresses consecutive sentencing under section 667.6. Because the decision to impose a full, consecutive term under section 667.6(c) is discretionary, there is a need to address within rule 4.426 the proper exercise of that discretion, including by identifying the factors that are off limits when the court makes its discretionary decision. There is no comparable need for such guidance with respect to consecutive sentencing under section 667.6(d) since it is mandatory.

Finally, we recognize that our conclusion is at odds with footnoted dicta in *Reeder* stating: "Since compulsory full term consecutive sentences are mandated for multiple offenses governed by subdivision (d) of section 667.6, the problem of dual use of facts both to aggravate and to enhance by a consecutive sentence never arises under that subdivision." (*Reeder*, *supra*, 152 Cal.App.3d at p. 919, fn. 8.) We respectfully disagree with this view. As we have explained, the problem of dual use of facts does not turn on the mandatory or discretionary nature of the punishment. Stated differently, it does not matter that one of the two uses was by the Legislature rather than the sentencing judge. That consecutive sentencing under section 667.6(d) is mandatory is not a sufficient basis for concluding that it does not trigger the prohibition against relying on the same fact to impose an upper term and a consecutive sentence. Further, unlike the *Reeder* court, we rely on rule

22

4.425(b)(1), and we have the added benefit of our high court's interpretation of this rule in *Calhoun*.

For all of these reasons, we conclude that once the trial court determined that full, consecutive terms were required for counts 3, 14, and 30 because the crimes underlying those counts involved multiple victims, it erred when it relied on the same multiple victims fact to impose upper terms on those counts.[6]

### III.

### *The Error Was Prejudicial and Resentencing Will Be Limited to the Record as It Stands*

In order to determine whether the trial court's error requires a remand for resentencing, we " ' "must determine if 'it is reasonably probable that a

---

[6] Dorado raises two other contentions, but they are meritless. First, Dorado contends the trial court erred and exceeded the scope of our remittitur in *Dorado*, *supra*, D078342. He asserts that we "directed the trial court to decide whether an upper term sentence is warranted based solely on the aggravating factor" of " 'the physical injuries to Jane 1, Jane 2, and Jane 4.' " The contention fails because our decision included no such directive.

Second, Dorado asks us to address an argument from his first appeal that the trial court's failure to sentence him in accordance with the requirements of Senate Bill 567 was not amenable to harmless error review because it resulted in an unauthorized sentence. We need not do so. For one thing, the point is now moot. Dorado made this argument in his first appeal in order to persuade us to reverse his original sentence. We did reverse his sentence, albeit after subjecting the court's sentencing decisions to harmless error review. For another, the California Supreme Court has now decided this precise issue adversely to Dorado. (See *Lynch*, *supra*, 16 Cal.5th at p. 751 [rejecting the argument that the failure to submit aggravating facts to a jury "as now required by section 1170[, subd. ](b)(2) results in an 'unauthorized sentence' that is not amenable to a prejudice analysis"].) We are bound by that decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

result more favorable to the appealing party would have been reached in the absence of the error.' " ' " (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1104; see *People v. Osband* (1996) 13 Cal.4th 622, 728 [dual use error does not necessitate resentencing if " ' "[i]t is not reasonably probable that a more favorable sentence would have been imposed in the absence of the error" ' "].)

The People contend the error was harmless because the trial court could have imposed the upper term based on aggravating factors other than the multiple victims factor, such as the physical injuries to Jane 1 and Jane 2, or the "pattern of violent conduct indicating [Dorado] poses a danger to society." We disagree that we can affirm the sentence on the basis of these alternative factors.

Following the enactment of Senate Bill 567, a court may impose an upper term sentence "based on a single, properly proven aggravating circumstance [only] *if*, in the court's discretion, *that circumstance alone justifies* a sentence exceeding the middle term." (*Lynch*, *supra*, 16 Cal.5th at p. 764.) Here, the record fails to demonstrate that the trial court viewed any of the alternate factors identified by the People as sufficient to justify a sentence exceeding the middle term. On this record, we are compelled to conclude there is a reasonable probability Dorado would have received a lesser sentence were it not for the court's error.

In Dorado's first appeal, we remanded for resentencing and stated that on remand, "the procedures set forth in *Lopez* shall apply. (See [*People v. Lopez* (2022)] 78 Cal.App.5th [459,] 468–469.)"[7] (*Dorado, supra,* D078342.) The referenced portion of *Lopez* stated, in part, that "[o]n remand, the People

_____

[7]     *People v. Lopez*, *supra*, 78 Cal.App.5th 459 was disapproved on other grounds in *Lynch*, *supra*, 16 Cal.5th at page 769.

24

may elect to proceed under the requirements of the newly amended version of section 1170, subdivision (b), which would permit the People to prove the existence of aggravating factors beyond a reasonable doubt to a jury, unless the defendant waives the right to a jury and agrees to have the factors decided by the court beyond a reasonable doubt; alternatively, the People may accept resentencing on the record as it stands." (*Lopez,* at p. 468.)

According to the People's sentencing statement filed before the April 2023 resentencing hearing, after Dorado's case was remanded to the trial court, the People "alerted the court and counsel at status conferences ahead of the current resentencing date that it would not be seeking a jury trial on aggravating factors, which would essentially involve a retrial of the entire case, including victim testimony."

We directed the parties to submit supplemental briefs addressing whether, on remand, the People are now precluded from seeking a trial of aggravating factors and must accept resentencing on the record as it stands. In response, the People argued that on remand they should be given a new opportunity to elect a trial on aggravating factors, under the full resentencing rule or as a matter of collateral estoppel. Dorado argued that because the trial court's error occurred at resentencing, to restore the status quo ante, we should remand for a resentencing hearing on the record as it stands.

We agree with Dorado. When a matter is reversed on appeal, "the ends of justice require that the *status quo ante* be restored[.]" (*In re Sutherland* (1972) 6 Cal.3d 666, 672; see *People v. Harris* (1991) 227 Cal.App.3d 1223, 1227.) Here, the trial court's error only affected the sentence imposed at the April 2023 resentencing hearing. The People made their election not to seek a trial of aggravating factors under the newly amended law well in advance of that resentencing hearing. Restoration of the status quo ante will be

25

accomplished in this case by vacating Dorado's sentence and remanding for a new resentencing hearing on the record as it stands.

Contrary to the People's arguments, neither the full resentencing rule nor principles of collateral estoppel entitle them to another bite at the apple. Under the full resentencing rule, "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) It is the trial court that is given an opportunity to exercise its discretion anew, not the prosecution. Remanding Dorado's case for a new, full resentencing hearing on the record as it stands is entirely consistent with the full resentencing rule. Nor are we relying on principles of collateral estoppel for our determination that the People will not have the opportunity to revisit their trial election on remand. Rather, we base our determination on the conclusion that restoration of the status quo ante requires a new resentencing hearing, but no more.

## DISPOSITION

The sentence is vacated, and the case is remanded for a full resentencing hearing.  The judgment is affirmed in all other respects.

DO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.